FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 28, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANNIE T., | No. 2:18-CV-00339-JTR |
| Plaintiff, | ORDER GRANTING, IN PART, PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS |
| v. | |
| ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY,[1] | |
| Defendant. | |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF Nos. 14, 20. Attorney Dana C. Madsen represents Annie T. (Plaintiff); Special Assistant United States Attorney Lars J. Nelson represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the Court **DENIES** Defendant's Motion for Summary

---

[1] Andrew M. Saul is now the Commissioner of the Social Security Administration. Accordingly, the Court substitutes Andrew M. Saul as the Defendant and directs the Clerk to update the docket sheet. *See* Fed. R. Civ. P. 25(d).

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION - 1

Judgment; **GRANTS, in part,** Plaintiff's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. §§ 405(g), 1383(c).

## JURISDICTION

Plaintiff filed applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) on November 3, 2015, Tr. 120-21, 201, alleging disability since November 15, 2005, Tr. 203, 205, due to back problems, L5-S1 Laminectomy Syndrome, diabetes type 2, and degenerative disc disease, Tr. 276. The applications were denied initially and upon reconsideration. Tr. 152-55, 157-61. Administrative Law Judge (ALJ) Mark Kim held a hearing on August 23, 2017 and heard testimony from Plaintiff, medical expert Robert Thompson, M.D., and vocational expert Jeffrey F. Tittelfitz. Tr. 48-88. Prior to the hearing, Plaintiff amended her alleged onset date to October 15, 2014. Tr. 50, 331. The ALJ issued an unfavorable decision on November 24, 2017. Tr. 15-25. The Appeals Council denied review on August 30, 2018. Tr. 1-5. The ALJ's November 24, 2017 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. §§ 405(g), 1383(c). Plaintiff filed this action for judicial review on October 29, 2018. ECF Nos. 1, 4.

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are only briefly summarized here.

Plaintiff was 50 years old at the amended date of application. Tr. 203. Plaintiff completed the twelfth grade in 1986. Tr. 277. Her reported work history includes the jobs of cargo supervisor and stocker. Tr. 277, 329. When applying for benefits Plaintiff reported that she stopped working on September 1, 2014 because of her conditions. Tr. 276. In the hearing brief, her attorney stated that she worked until October 15, 2014 and amended her alleged onset date to October

15, 2014. Tr. 331.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The Court reviews the ALJ's determinations of law de novo, deferring to a reasonable interpretation of the statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097. If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once the claimant establishes that physical or mental impairments

prevent her from engaging in her previous occupations. 20 C.F.R. §§ 404.1520(a), 416.920(a)(4). If the claimant cannot do her past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work, and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If the claimant cannot make an adjustment to other work in the national economy, she is found "disabled." 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On November 24, 2017 the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act from October 15, 2014 through the date of the decision.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since October 15, 2014, the date of application. Tr. 18.

At step two, the ALJ determined that Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine, status post laminectomy, discectomy in 2006; and diabetes mellitus type 2. Tr. 18.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 18.

At step four, the ALJ assessed Plaintiff's residual function capacity and determined she could perform a range of light work with the following limitations:

> [S]he must be allowed to alternate between the sit and stand positions every thirty minutes while staying on task, meaning they are not required to stay in one position for a full thirty minutes, but rather after thirty minutes they should be allowed to switch positions for a short period of time; she cannot climb ladders or scaffolds; she can never crouch or crawl; she can occasionally climb ramps and stairs; she can occasionally stoop and kneel; she must avoid all exposure to extreme

cold, excessive vibrations, and hazards such as dangerous machinery and unprotected heights; she is limited to simple, routine tasks due to her physical impairments and the effects of medication.

Tr. 18-19. The ALJ identified Plaintiff's past relevant work as a stores laborer and a loading and unloading supervisor and found that she could not perform this past relevant work. Tr. 23.

At step five, the ALJ determined that, considering Plaintiff's age[2], education, work experience and residual functional capacity, and based on the testimony of the vocational expert, there were other jobs that exist in significant numbers in the national economy Plaintiff could perform, including the jobs of electronics worker, office helper, and small parts assembler II. Tr. 24. The ALJ concluded Plaintiff was not under a disability within the meaning of the Social Security Act from October 15, 2014, through the date of the ALJ's decision. Tr. 25.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends the ALJ erred by (1) failing to properly weigh Plaintiff's symptom statements, (2) failing to properly weigh the medical opinions in the record, and (3) failing to apply the proper Grid Rule at step five.

## DISCUSSION

**1. Plaintiff's Symptom Statements**

Plaintiff contests the ALJ's determination that her symptom statements were unreliable. ECF No. 14 at 14-17.

---

[2]The ALJ states that at the time of the amended onset date Plaintiff was 41 years old. Tr. 23. However, based on the date of birth provided in the application, Plaintiff was actually 50 years old. *See* Tr. 203.

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION - 5

It is generally the province of the ALJ to make determinations regarding the reliability of Plaintiff's symptom statements, *Andrews*, 53 F.3d at 1039, but the ALJ's findings must be supported by specific cogent reasons, *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834.

The ALJ found Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms to be "not entirely consistent with the medical evidence and other evidence in the record." Tr. 20. Specifically, the ALJ found that as to Plaintiff's "statements about the intensity, persistence, and limiting effects of his or her symptoms, they are inconsistent with the medical evidence of record." *Id*. The ALJ then went on to state that "the evidence shows few signs of ongoing neurologic deficits. While the claimant has infrequently been observed to use a cane, she has generally been described as having a normal gait. . . Similarly, her providers have generally offered only conservative care through the adjudicative period." *Id*.

Objective medical evidence is a "relevant factor in determining the severity of the claimant's pain and its disabling effects," but it cannot serve as the only reason for rejecting a claimant's credibility. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). Here, the ALJ failed to substantiate any other reason for rejecting Plaintiff's symptom statements. *See* Tr. 20. Therefore, the ALJ erred in his treatment of Plaintiff's symptom statements.

Defendant argues that the ALJ provided a second reason: that Plaintiff's providers offered only conservative care through the adjudicative period. ECF No. 20 at 7-8. However, the ALJ cited the conservative treatment received as further

support that Plaintiff's symptom statements were not supported by the medical evidence in the record, and did not conclude that it was a separate reason to reject Plaintiff's statements. Tr. 20. Therefore, Defendant's assertion is a post hoc rationalization, which will not be considered by this Court. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (The Court will "review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely.").

Even if this reason is not considered a post hoc rationalization, it falls short of the specific, clear and convincing standard and is not supported by substantial evidence. In support of his argument, Defendant cited *Meanel v. Apfel*, 172 F.3d 1111, 1114 (9th Cir. 1999). ECF No. 20 at 8. The Court in *Meanel* found that the claimant's failure to request or seek additional treatment, as well as the provider's failure to offer more than conservative treatment, supported rejecting the claimant's symptom statements. 172 F.3d at 1114 ("the ALJ properly considered Dr. Manos' failure to prescribe, and Meanel's failure to request, any serious medical treatment for this supposedly excruciating pain."). Here, the ALJ did not address Plaintiff's failure to seek additional treatment. Nor did he provide any discussion of the fact that Plaintiff had multiple surgeries prior to the adjudicative period, and her treating provider stated that any subsequent surgeries would not help, and possibly worsen her condition. Tr. 471 (Dr. Tohmeh stated that "I did discuss with her that repeat surgery would result in even more scarring around the S1 nerve root, which could result in perineural fibrosis, which would be an incurable condition."). Therefore, her providers offering only conservative treatment does not support the ALJ's finding that Plaintiff's complaints were out of proportion with her symptoms or treatment.

This matter is remanded to the Commissioner for further proceedings to readdress Plaintiff's symptom statements.

///

## 2. Medical Opinions

Plaintiff argues the ALJ failed to properly consider and weigh the medical opinions expressed by an examining physician. ECF No. 14 at 18. However, in the section addressing this argument, Plaintiff failed to identify any specific opinion that the ALJ rejected or provide any challenge to the reasons the ALJ rejected any opinion. *Id.* at 17-18. Typically, the lack of adequate briefing would result in the Court refusing to consider the issue. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008). However, since the case is being remanded for the ALJ to readdress Plaintiff's symptom statements, the ALJ will also readdress the medical opinions in the record.

## 3. Step Five

Plaintiff argues that she should have been considered disabled at step five under Grid Rule 201.14. ECF No. 14 at 18-20. Plaintiff asserts that her testimony and the opinions of Antoine G. Gohmeh, M.D., Maria Samanieg, M.D., and Min-Shern Liu, D.O. support a residual functional capacity below light work; therefore, Grid Rule 201.14 would direct the Commissioner to find Plaintiff disabled. *Id.*

The Grid Rules are an administrative tool on which the Commissioner must rely when considering claimants with substantially equivalent levels of impairment. *Burkhart v. Bowen*, 856 F.2d 1335, 1340 (9th Cir. 1988). The Grids reflect the claimant's maximum sustained exertional work capacity. *See* S.S.R. 83-10 ("exertional capabilities" are used "to identify maximum sustained work capability").

The cited Grid provision results in a disability only if Plaintiff's residual functional capacity is limited to sedentary work or less. Because the case is being remanded to further address symptom statements and the medical opinions in the record, the ALJ will also address step five using the Grid Rule that accurately reflects Plaintiff's age at the alleged onset date and forward.

In her Reply, Plaintiff asserts that any residual functional capacity finding

that is less than a full range of light work triggers Grid Rule 201.14 and, therefore, a finding of disability. ECF No. 21 at 1-6. However, in several of the residual functional capacity opinions Plaintiff cites to in her Reply, the residual functional capacity would fall between sedentary and light. *Id.* In situations where the residual functional capacity falls between two exertional levels and thus two Grid Rules, one directing a finding of not disabled and the other directing a finding of disabled, a vocational expert should be called. S.S.R. 83-12. Therefore, further proceedings are necessary in this case.

## REMEDY

Plaintiff asks the Court to apply the credit-as-true rule and remand this case for an immediate award of benefits. ECF Nos. 14 at 21.

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). Under the credit-as-true rule, where (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand, the Court remands for an award of benefits. *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017). But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

In this case, Plaintiff's symptom statements need to be properly addressed, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated. Therefore, a remand

for additional proceedings is appropriate. The Commissioner will (1) supplement the record with any updated or outstanding medical evidence, (2) make a new determination regarding the reliability of Plaintiff's symptom statements considering the record as a whole, (3) readdress the opinion evidence in light of the record as a whole, (4) make a new step five determination considering Plaintiff's correct age at the alleged onset date, and (5) call a vocational expert to testify at any supplemental hearings.

## CONCLUSION

Accordingly, **IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 20**, is **DENIED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 14**, is **GRANTED, in part,** and the matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

3. Application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. **Judgment shall be entered for Plaintiff** and the file shall be **CLOSED**.

DATED February 28, 2020.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE